Gibson, J.
The first question for determination is whether the relator has the capacity to bring this action in prohibition. The respondent, relying upon the general rule that the death of the ward terminates the guardianship, contends that the relator, as guardian of the deceased ward, is not qualified to prosecute this action. However, the respondent de-emphasizes the fact that those powers and duties necessarily involved in the proper accounting and settlement of the stewardship continue. Simpson v. Holmes, Admr. (1922), 106 Ohio St., 437, 439; 39 Corpus Juris Secundum, 61, Guardian and Ward, Section 41; 26 Ohio Jurisprudence (2d), 457, Guardian and Ward, Section 116. The Court of Appeals held, and rightly so, that the relator had the power to prosecute this action in prohibition as an incident to his duty to file his final guardian’s account in the Probate Court of Cuyahoga County. It should be noted also that, if the relator filed his final account and distributed the assets of his ward to the remaindermen in accordance with the order of the Probate Court of Cuyahoga County, it is probable, as he alleges in his petition, that the trustee appointed by the Probate Court of Miami County would endeavor to have him cited for contempt.
Having determined that relator has the capacity to bring this action in prohibition, the next question for consideration is whether the Probate Court of Miami County has jurisdiction to hear and determine the remaindermen’s application. To sustain respondent’s contention that such court has jurisdiction to consider the remaindermen’s application, we would have to determine that the personal property, for which a receipt was given to the executrices in 1950 by those entitled to life estates therein, either (1) could not lawfully have been distributed as *152 it was, or (2) remained at least in part property of the estate of Mary A. Kyle even after distribution, or (3) again became property of the estate of Mary A. Kyle on the termination of the life interests therein.
In our opinion item four of the Kyle will, quoted above, clearly expressed an intention that possession of the personal property should be delivered to Mary Kyle’s sisters, Clara Demmitt and Maggie Beedle. There was no requirement that a bond be given, and apparently the court did not believe that a bond was necessary.
The order of the Probate Court of Miami County approving the settlement of the executrices’ account in the Kyle estate had the effect of a final judgment. Such judgment may be vacated only in accordance with the provisions of Section 2109.35, Revised Code. There is no evidence that a motion to vacate the order of June 1950 was ever filed. In fact the respondent does not question the lawfulness of the distribution of personalty to the life tenants by such order.
Any contention that the Probate Court of Miami County continued to have jurisdiction on the theory that the securities remained at least in part the property of the estate after the distribution in 1950, or on the theory that they again became property of the Kyle estate after the death of the life tenants, would be disposed of by paragraph three of the syllabus of In re Estate of Sexton (1955), 163 Ohio St., 124, reading as follows :
“3. Where personal property is given by will to one for life with remainder over to another and where the will expresses an intention that the life tenant shall have possession and control of the personal property so bequeathed during his life and where the executor of the estate lawfully distributes such personal property to the life tenant and where no bond is ever required from the life tenant, such personal property or its proceeds will not thereafter be or, on the death of the life tenant, will it again become property of such estate. ’ ’
It should be noted that neither of the foregoing theories on which jurisdiction may continue is advanced by the respondent.
Respondent, in contending that under Section 8, Article *153 IY, Ohio Constitution, Probate Courts have such jurisdiction as may be provided by law, relies upon Sections 2113.58 and 2101.24, Revised Code, as conferring continuing jurisdiction. In view of the discussion of each of these statutes by Taft, J., in Estate of Sexton, supra, it is sufficient to note that the “plenary power” provision of Section 2101.24 does not come into operation until first there is some “matter properly before the court,” and that Section 2113.58 authorized the Probate Court to require a bond of the life tenants only prior to the termination of the limited estate. In the instant case, the assets of the Kyle estate were lawfully distributed to the life tenants, the estate was closed and the final account was settled and determined. In other words, the remaindermen’s application relates to property as to which the Kyle estate had no title or right to possession. Hence there was no matter properly before the court over which it could exercise its plenary power. Further, the life tenants having died, the Probate Court of Miami County can not now require a bond.
Although in a proper case an appeal for abuse of discretion may lie, we can not say that the Court of Appeals abused its discretion in view of our decision in State, ex rel. Cleveland Trust Co., Exr., v. Probate Court of Cuyahoga County (1961), 172 Ohio St., 1, holding that prohibition is a proper remedy where a Probate Court once having had jurisdiction subsequently lost it. Accordingly, the judgment of the Court of Appeals should be, and hereby is, affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Kovachy, O’Neill, Griffith and Herbert, JJ., concur.
Kovachy, J., of the Eighth Appellate District, sitting by designation in the place and stead of Matthias, J.